890 F.2d 569
 CONSOLIDATED GOLD FIELDS PLC, Gold Fields Mining
Corporation, Plaintiffs-Appellees-Cross-Appellants,
Newmont Mining Corporation, Newmont Gold Company, Plaintiffs-Appellees,
v.
MINORCO, S.A., Defendant-Appellant-Cross-Appellee,
Anglo American Corporation of South Africa Limited and De
Beers Consolidated Mines Limited, Defendants.
 Nos. 88-7932, 88-7934.
 United States Court of Appeals,
Second Circuit.
 April 17, 1989.
 
 Before FEINBERG, NEWMAN and ALTIMATI, Circuit Judges.
 
 ORDER
 
 1
 A request having been received from the Securities and Exchange Commission, appearing as amicus curiae, to correct the opinion filed on March 22, 1989, and responding papers having been submitted by plaintiffs-appellees-cross-appellants, it is hereby ORDERED that the opinion is amended only to the following extent:
 
 
 2
 871 F.2d 252 at p. 263, 1st col. lines 8 and 9 from bottom, delete "to abstain from granting a remedy for reasons of international comity." and substitute the following:
 
 
 3
 to abstain, for reasons of international comity, from enjoining the tender offer worldwide pending corrective disclosure.[7]
 
 
 4
 7. The Commission's amicus brief expressed the view that certain other remedies, such as a requirement of corrective disclosure, would have a narrower extraterritorial effect than the remedy of an injunction pending corrective disclosure. The Commission took no position on such other remedies. If the disclosure is to be informative at a meaningful time, it is not readily apparent why the Commission perceives a difference between an injunction pending disclosure and a disclosure requirement.